# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:16CV060-RJC-DSC

| | |
|---|---|
| ALEXANDER H. VEAZY, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On February 14, 2013, Plaintiff filed an application for Disability Insurance Benefits

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on June 1, 2016, Plaintiff was entitled to file a response brief on or before November 17, 2016. Plaintiff did not file a response.

("DIB") alleging that he became disabled on January 11, 2013 (Tr. 288), due to loss of visual acuity, essential hypertension, affective disorder, anxiety disorder, and substance abuse disorder. (Tr. 329). The application was denied initially and upon reconsideration. (Tr. 201, 208). Plaintiff requested a hearing which was held on June 17, 2014. (Tr. 58). On July 25, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. The case was remanded on November 26, 2014 following review by the Appeals Council. A supplemental hearing was held on June 18, 2015.

On July 13, 2015, the ALJ again found that Plaintiff was not disabled. (Tr. 17-51). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 22). The ALJ also found that Plaintiff suffered from visual disorder, hypertension, affective disorder, anxiety disorder, and substance use disorder, which were severe impairments within the meaning of the regulations id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 23). The ALJ concluded Plaintiff had a mild restriction in activities of daily living, and moderate restrictions in the areas of social functioning and concentration, persistence or pace. (Tr. 29). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform a full range of work at all exertional levels with limitations to:

> frequent use of moving machinery and exposure to unprotected heights; a limitation to occupations requiring only frequent near acuity, far acuity, peripheral acuity, and depth perception; a limitation to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions with few, if any, workplace changes; and with no interaction with the public and only occasional interaction with coworkers.

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

(Tr. 30-31).

At step four, the ALJ found that Plaintiff was unable to perform his past work as an attorney. (Tr. 49).

The ALJ then shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ("V.E.") identified jobs as a hand packager, linen room attendant, and sandwich maker that Plaintiff could perform. (Tr. 50).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. (Tr. 50-51) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On January 15, 2016, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-).

Plaintiff filed the present action on March 13, 2016. He assigns error to the ALJ's evaluations of his deficiency in concentration, persistence, and pace. Plaintiff's "Memorandum … in Support …" at 3 (document #9-1). Plaintiff also assigns error to the ALJ's evaluation of the opinions of his treating psychologist and the State Agency physicians. Id.

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District

Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir.

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that the RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff challenges the ALJ's evaluation of opinions from treating psychologist Dr. Charles Carr and State Agency Doctors Mary Berg and David Karesh.

The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ noted that Plaintiff saw Dr. Carr for individual psychotherapy sessions on a weekly, biweekly, or monthly basis beginning on January 28, 2013 and continuing for two years. (Tr. 24-25). The ALJ gave weight to Dr. Carr's opinions to the extent they were consistent with and supported by other evidence of record. He accorded them less weight when they were not consistent with or supported by other evidence. For example, the ALJ gave less weight to Dr. Carr's assessment of disabling restrictions, because it appeared to be based largely on Plaintiff's subjective complaints (Tr. 38), which the ALJ found were not entirely credible—a finding Plaintiff

6

has not challenged. See, e.g., Mastro v. Apfel, No. 00-1105, 270 F.3d 171, 178 (4th Cir. 2001) (affirming ALJ's accordance of minimal weight to a medical opinion "based largely upon the claimant's self-reported symptoms); Reiser v. Colvin, No. 5:14-CV-850-FL, 2016 WL 1183092, at *5 (E.D.N.C. Mar. 28, 2016); Schaller v. Colvin, No. 5:13-CV-334-D, 2014 WL 4537184, at *16 (E.D.N.C. Sept. 11, 2014) ("The ALJ properly assigned little weight to [the treating physician's] opinion because it was based primarily upon Claimant's subjective complaints."); Teague v. Astrue, No. 1:11-CV-198-MR-DSC, 2012 WL 1835668, at *4 (W.D.N.C. Apr. 26, 2012).

The ALJ also explained that he gave less weight to Dr. Carr's assessment of "marked" or disabling mental limitations because it was inconsistent with his own treatment notes. Those notes showed intermittent exacerbations of Plaintiff's reported symptoms, usually related to situational stressors, and did not reflect Plaintiff's ongoing level of functioning. (Tr. 44).

The ALJ also cited examinations of Plaintiff performed by providers at Blue Ridge Behavioral Health. (Tr. 27). In February 2014, therapist Barry Beavers completed a mental status examination of Plaintiff that revealed a euthymic mood, normal speech, logical and coherent thought processes, intact and appropriate associations, no evidence of thought or perceptual disorder, intact and appropriate judgment, excellent insight, alert sensorium, and grossly normal cognition. In March and April 2014, Mr. Beavers found that Plaintiff exhibited normal functioning on mental status examinations. (Tr. 27). In April 2014, Dr. Caroline Lewis, a psychiatrist with Blue Ridge, performed a mental examination yielding largely normal findings with depressed mood and fair judgment and insights. (Tr. 27). In June 2014, Dr. Lewis' mental examination yielded normal findings but noted a depressed affect. (Tr. 27). Dr. Lewis opined that Plaintiff had no limitations in his ability to understand, remember, or carry out simple or detailed instructions.

7

(Tr. 44). Dr. Lewis also found that Plaintiff had no limitations in his ability to sustain an ordinary routine without special supervision. She found only mild limitations in his ability to sustain concentration and attention for extended periods. (Tr. 44). In December 2013, Kristopher Meadows examined Plaintiff and found that his mood, affect, attention span, and concentration were all normal. (Tr. 33). Other mental status examinations from Blue Ridge reflected generally normal or grossly normal functioning with some complaints of anxiety or depression. (Tr. 27-28). The ALJ also cited the normal findings in a mental status examination reported by Dr. Nancy LaMond, who treated Plaintiff for depression. (Tr. 33, 46).

The ALJ also found that Dr. Carr's assessment of disabling, "paragraph B" limitations was inconsistent with his opinion as expressed in the Medical Source form, where he stated that Plaintiff had only mild limitations in the ability to carry out simple instructions, interact with the public, make simple work-related decisions, ask simple questions, request assistance, and maintain socially appropriate behavior. (Tr. 38).

The ALJ gave valid reasons for discounting Dr. Carr's opinions, and those reasons are supported by substantial evidence.

The ALJ properly assigned weight to the opinions of Doctors Karesh and Berg to the extent they were consistent with other evidence in the record, including numerous mental status examinations revealing generally normal findings. (Tr. 40). The ALJ did note that Dr. Karesh did not explain his findings in the Psychiatric Review Technique Form (PRTF). (Tr. 38). The ALJ also found that the limitations assessed by Dr. Karesh in the Medical Source Opinion Form were inconsistent with those in the PRTF. (Tr. 38). The ALJ also noted that Doctors Karesh and Berg's opinions were inconsistent with Dr. Carr's opinion in certain respects. Finally, the ALJ gave Doctors Karesh and Berg's opinions less weight because they examined Plaintiff only once and

8

without the benefit of his medical history.

The ALJ provided sound reasons for the weight he accorded to the opinions of Doctors Karesh and Berg, and those reasons are supported by substantial evidence.

Plaintiff also argues that the ALJ's RFC evaluation inadequately accounted for Plaintiff's moderate limitations in social functioning and concentration, persistence, or pace. In Mascio, supra, the Court "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id. Here, the ALJ found that Plaintiff has a moderate limitation in concentration, persistence or pace. Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks but also to "a work environment free of fast-paced production requirements, involving only simple work-related decisions with few, if any, workplace changes…." (Tr. 30-31). The ALJ properly accounted for that limitation and Plaintiff's assignment of error should be overruled.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

      **SO RECOMMENDED AND ORDERED**.

                            Signed: January 9, 2017

                            David S. Cayer
                            United States Magistrate Judge